**NOT FOR PUBLICATION**



**FILED**

UNITED STATES COURT OF APPEALS

OCT 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASKARAN SINGH BAINS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-2230

Agency No.
A209-874-000

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2024**
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.***

Jaskaran Singh Bains, a native and citizen of India, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") affirming the dismissal by

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

an Immigration Judge ("IJ") of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we 'look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion.'" *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)). We review the factual findings underlying an adverse credibility determination for substantial evidence, "[t]aking the totality of the circumstances into account." *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). "Under this standard, 'findings of facts are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020)).

The IJ determined, and the BIA agreed, that Bains was not credible based on three inconsistencies in his testimony and evidence: (1) an inconsistency about an attack on Bains's parents at their home by Badal Party members and plainclothes police; (2) an inconsistency regarding the police response after Bains attempted to report an attack he allegedly experienced at the hands of Badal Party members on April 4, 2016; and (3) an inconsistency regarding the medical treatment Bains

2

received after the same attack. Reviewing the record as a whole, we do not believe that "any reasonable adjudicator" would be compelled to accept Bains's explanations for any of these inconsistencies. *Dong*, 50 F.4th at 1296. Rather, the IJ's reliance on these inconsistencies is supported by substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1044–47 (9th Cir. 2010).

Moreover, the IJ found (and the BIA again affirmed) that Bains offered evasive and unresponsive testimony. We have observed that "IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha*, 590 F.3d at 1041. Given that the IJ provided "specific examples of [Bains's] demeanor that would support this basis for an adverse credibility determination," including instances of evasive and unresponsive testimony, this finding was also supported by substantial evidence. *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010).

In view of the totality of the circumstances, we conclude that the adverse credibility determination was supported by substantial evidence. As a result, Bains has not met his burden to establish his eligibility for asylum, withholding of removal, or CAT relief.[1]

---

[1] On appeal, Bains does not address the IJ's finding (affirmed by the BIA) that the remaining documentary evidence was insufficient to support his claims. He has thus forfeited any challenge to that finding.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.